```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 17-20228-Civ-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
```

JAMES ALLEN WESLEY,

    Petitioner,

v.                                      REPORT OF
                                    MAGISTRATE JUDGE

JULIE L. JONES,

    Respondent.
_____/

## I. Introduction

James Wesley, a state prisoner, currently confined at the Franklin Correctional Institution in Carrabelle, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction, in case no. **F03-18376**, entered in Miami-Dade County, Eleventh Judicial Circuit.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2254 Proceedings.

---

[1] Rule 4 of the Rules Governing Section 2254 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

For its consideration of this petition (DE#1),[2] the Court has reviewed the petitioner's on-line criminal trial and appellate court dockets.

## II. **Procedural History**

Petitioner was charged by Amended Information with one count of kidnaping, two counts of lewd assault on a child, and two counts of sexual battery by threats. The jury found Petitioner guilty of false imprisonment as a lesser included offense of kidnaping charge, the two counts of lewd assault on a child as charged, and two counts of battery as lesser included offenses of the sexual battery charges. Petitioner took a direct appeal, and Florida's Third District Court of Appeal ("Third DCA") affirmed Petitioner's conviction and sentence in a per curiam decision issued on July 29, 2009 in case number 3D08-1838. The mandate issued on September 1, 2009. Petitioner did not seek certiorari review in the United States Supreme Court.

On July 6, 2010, Petitioner filed a state motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. The trial court denied that motion without an evidentiary hearing, and Petitioner appealed. On May 4, 2011, the Third DCA affirmed the state trial court's denial of Petitioner's 3.850 motion in a per

---

[2]The court may take judicial notice of its own records in habeas proceedings, McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994), Allen v. Newsome, 7985 F.2d 934, 938 (11th Cir. 1986), together with the state records, which can be found on-line. See Fed.R.Evid. 201; see also, United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

In that regard, copies of the Miami-Dade County trial court on-line criminal docket for case no.F03018376; the Fourth District Court of Appeal on-line appellate dockets: 3D08-1838 (Direct Appeal), 3D10-3245 (Rule 3.850 Appeal), 3D12-2335 (Rule 3.850 Appeal), 3D13-2159 (Habeas Corpus Appeal),3D15-2262 (3.800 Appeal), and SC16-1327 (Supreme Court Appeal), are being filed by separate order in this case.

curiam decision in case no. 3D10-3245. The mandate issued on June 3, 2011.

On September 22, 2011, Petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. §2254. (11-CV-23497-King, DE# 1). The Undersigned issued a report recommending denying the petition on the merits. (11-CV-23497-King, DE# 19). The District Court adopted the report and dismissed the petition. (11-CV-23497-King, DE# 20).

On May 22, 2012, Petitioner returned to state court and filed a second Rule 3.850 motion. The trial court denied the motion. Petitioner appealed. The Third DCA affirmed in case number 3D12-2335. Mandate issued November 26, 2012.

On April 30, 2013, Petitioner filed a petition for writ of habeas corpus in the state trial court, which was denied. Petitioner appealed in case number 3D13-2159. The Third DCA affirmed and the mandate issued on March 24, 2014.

On March 21, 2014, Petitioner filed a motion to correct sentence in the state trial court. The trial court granted the motion and issued a corrected judgment on May 1, 2014. Petitioner did not appeal. Petitioner's judgment as to this case did not become final, for purposes of the one-year limitations, until **June 2, 2014**, when time expired for filing an appeal following entry of the corrected judgment. See Ferreira v. Sec'y, Dep't of Corr's., 494 F.3d 1286, 1293 (11th Cir. 2007)(emphasis added). This is so because a "judgment is based on both the conviction and the sentence" and therefore "AEDPA's statute of limitations [does not begin] to run [until] the date both the conviction *and the sentence the petitioner is serving at the time he files his application*

3

become final." Id. Here, the petitioner's sentence was corrected in 2014. Thus, the one-year period for filing a federal habeas petition does not begin to run until after time expired for appealing the amended judgment. Ferreira v. Sec'y, Dep't of Corr's., 494 F.3d at 1293. Further, pursuant to Burton v. Stewart, 549 U.S. 147, 153 (2007)(*per curiam*), to determine whether a federal habeas petition is timely filed, a court must look to the judgment of sentence under which the petitioner is being detained at the time of the filing of the federal petition.

From the time the corrected judgment became final on June 2, 2014, the federal one-year limitations period ran untolled for **407 days** until July 14, 2015, when the petitioner filed a Rule 3.850 motion for post-conviction relief. The trial court denied the motion on July 31, 2015. Petitioner did not file an appeal.

From the time the trial court denied the Rule 3.850 motion on July 31, 2015, the federal one-year limitations period ran untolled for **24 days** until August 24, 2015, when the petitioner filed a Rule 3.800 motion. The trial court denied the motion and Petitioner appealed. The Third DCA affirmed in case number 3D15-2262. Mandate issued December 10, 2015.  Petitioner sought relief in the Florida Supreme Court, case no. SC16-1327, which dismissed the case on October 11, 2016 as relief was not authorized.

From the time the Supreme Court denied Petitioner relief on October 11, 2016, the limitations period ran untolled for **111 days** until Petitioner filed the instant petition on January 10, 2017.[3]

---

[3]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's

**III. Discussion-Timeliness**

Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

See 28 U.S.C. §2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Consequently, as noted above, this petition is time-barred, pursuant to 28 U.S.C. §2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. See 28 U.S.C. §2244(d)(2); see also, Rich v. Sec'y for Dep't of Corr's, 512 Fed.Appx. 981, 982-83 (11th Cir. 2013); Nesbitt v. Danforth, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)(footnote omitted); see also, Rich, 512 Fed.Appx. at 983; Everett v. Barrow, 861 F.Supp.2d 1373, 1375 (S.D. Ga. 2012). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. Kearse v. Sec'y, Fla. Dep't of Corr's, 736 F.3d 1359, 1362 (11th Cir. 2013); Nesbitt, 2014 WL 61236 at *1.

In that regard, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPAs limitations period." Garby v. McNeil, 530 F.3d 1363, 1367 (11th Cir. 2008)(citation omitted). A motion filed past the deadline for filing a federal habeas petition cannot toll the limitations

6

period. See Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012)("In order for...§2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); Nesbitt, 2014 WL 61236 at *1.

### A.  Statutory Tolling Under §2244(d)(1)(A)

There was well over **one year** of untolled time, during which no state post-convictions were pending so as to statutorily toll the limitations period. The federal limitations ran unchecked for **407 days**, from the time his corrected judgment became final on June 2, 2014 until July 14, 2015, when he returned to the trial court a Rule 3.850 motion. The trial court denied the motion on July 31, 2015. Petitioner did not appeal. The federal limitations ran unchecked for **24 days**, from the time the trial court denied his Rule 3.850 motion on July 31, 2015 until August 24, 2015, when he filed a Rule 3.800 motion. The Rule 3.800 proceedings came to an end on October 11, 2016, when the Florida Supreme Court denied the Petitioner's request for relief. The federal limitations ran unchecked for **111 days** until January 10, 2017, when he filed the instant §2254 motion.

Accordingly, **over one year** (407 + 24 + 111 = 518 days) of untolled time expired from the time his corrected judgment became final until he filed the instant federal habeas petition. As a result, the federal limitations ran unchecked for over a year, thereby making this federal petition untimely.

### B.  Equitable Tolling

7

The one-year limitations period set forth in §2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr's, 742 F.3d 473, 477 (11th Cir. 2014)(quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. See Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014)(citing Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." Holland, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Cole, 768 F.3d at 1158 (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011)(citing Lawrence v. Fla., 421 F.3d 1221, 1226-27 (11th Cir. 2005)); Drew v. Dep't of Corr's, 297 F.3d 1278, 1286

(11th Cir. 2002).

First, a lack of access to his lost or misplaced legal materials and law libraries are not "constitutional impediments" unless petitioner can show these restrictions were not "reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 200)(quoting Lewis v. Casey, 518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)); see also, Dodd v. United States, 365 F.3d 1273, 1283-83 (11th Cir. 2004)(stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."). No such showing has been made here.

Here, rather than seeking expeditious post-conviction review, there were **518 days** of untolled time between when his corrected judgment became final in state court and when he initiated the instant proceedings. This impediment was not created by the state, but by the petitioner. Under the circumstances present here, petitioner cannot avail himself of §2244(d)(1)(B), in order to delay the running of the AEDPA's one-year limitations period.

Neither in the state forum nor in this habeas proceeding,[4] has petitioner established any entitlement whatsoever to equitable tolling. It should also be noted that there was over one year of untolled time during which no properly filed postconviction

---

[4]The petitioner is cautioned that any attempt to provide due diligence in objections to this Report may not be considered in the first instance by the district court. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

proceedings were pending. Petitioner has failed to demonstrate that he acted with diligence in pursuing his rights during that period. The court thus finds petitioner did not act diligently in pursuing his rights and is therefore not entitled to equitable tolling. See Holland, 130 S.Ct. at 2562; accord San Martin, 633 F.3d at 1267.

This court is not unmindful that petitioner pursued collateral relief in the state forum. Notwithstanding, as previously discussed in this Report, there was well over one year of untolled time during which no postconviction proceedings were pending which would act to toll the federal limitations period. As a result of petitioner's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. See Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's failure to timely pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted in **January 2017** is untimely, the petitioner's claim challenging the lawfulness of his judgment is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

Finally, to the extent petitioner means to argue that he is entitled to equitable tolling of the limitations period, in that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing

10

of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Dep't of Corr's, 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support equitable tolling of the limitation period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such

12

showing has been made here. Even if such an exception exists, the petitioner has failed to make the requisite showing of actual innocence that would support consideration of his untimely §2254 petition on the merits.

On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. In other words, petitioner has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits. See <u>Milton v. Sec'y, Dep't of Corr's</u>, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder)(unpublished). It is evident that petitioner's arguments raised herein were readily available to him within a year of when his proceedings became final.

### IV. **Evidentiary Hearing**

To the extent petitioner requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged

13

facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in Holland, instead, were at most allegations of garden variety negligence or neglect). If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## V. **Certificate of Appealability**

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be

14

filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## VI. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred, that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

15

SIGNED this 2nd day of February, 2017.

                                                                   UNITED STATES MAGISTRATE JUDGE

cc: James Allen Wesley, Pro Se
    DC# 192725
    Franklin Correctional Institution
    Inmate Mail/Parcels
    1760 Highway 67 North
    Carrabelle, FL 32322

    Noticing 2254 SAG Miami-Dade/Monroe
    Email: CrimAppMIA@MyFloridaLegal.com