United States District Court
for the
Southern District of Florida

| James Allen Wesley, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Julie Jones, Secretary of Florida | ) | Civil Action No. 17-20408-Civ-Scola |
| Department of Corrections, and | ) | |
| Pamela Bondi, State of Florida | ) | |
| Attorney General, Respondents. | ) | |

## Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On February 2, 2017, Judge White issued a report, recommending that the Court deny the Petitioner James Allen Wesley's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (ECF No. 1). (Report of Magistrate, ECF No. 5.) Specifically, Judge White found that Wesley's petition, filed on January 19, 2017, was untimely, and thus Wesley was not entitled to relief. (*Id.* at 7, 10.) Wesley filed objections on February 22, 2017. (Objs., ECF No. 7.)

As Judge White noted, a state prisoner must file a habeas corpus petition no later than one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1). Wesley's judgment of conviction became final on June 2, 2014, when the time for filing an appeal of Wesley's corrected judgment expired. (Report at 3.) *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final."). Thus, Wesley must have filed his petition on or before June 2, 2015. He failed to do so.

In order to calculate exactly how many days passed between the finality of Wesley's judgment and his filing of the present habeas corpus petition, Judge White analyzed certain periods of time where the statute of limitations was tolled due to Wesley's properly filed applications for post-conviction relief in state court. (Report at 4, 7.) *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection."). However, Wesley's habeas corpus petition already was untimely before Wesley began filing his state-court post-conviction motions on July 14, 2015. (Report at 4.)

A court may equitably toll the one-year statute of limitations if the movant demonstrates (1) that he has exercised reasonable diligence in pursuing his rights and (2) that extraordinary circumstances prevented him from timely filing a motion to vacate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). For the first prong, Wesley makes no attempt to demonstrate that he exercised reasonable diligence.

As to the second prong, Wesley asserts that he should benefit from equitable tolling because he was confined to "close management" for 180 days after a dormitory riot and because for certain periods of time the prison library was closed for a variety of reasons. (Objs. at 2–3.) These situations, even if Wesley had provided some evidence of their occurrence, do not merit equitable tolling. *See, e.g.*, *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("[The petitioner] was not entitled to equitable tolling based on close-management status; even restricted access to a law library, lock-downs, and solitary confinement do not qualify as ordinary circumstances warranting equitable tolling."); *Moore v. Crews*, No. 13-cv-14482, 2014 WL 12651190, at *8 (S.D. Fla. Apr. 3, 2014), *report and recommendation adopted,* 2014 WL 12652325 (S.D. Fla. May 7, 2014) (Martinez, J.) ("The law is clear that institutional transfers, periods of confinement under more restrictive conditions than general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are usual incidents of prison life.")

Thus, having considered Judge White's report, the Petitioner's objections, and the relevant legal authorities, as well as having made a *de novo* review of the record, the Court finds Judge White's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge White's report and recommendation (**ECF No. 5**). The Court **denies** the petition for writ of habeas corpus (**ECF No. 1**). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on April 13, 2017.

Robert N. Scola, Jr.
United States District Judge